JOSEPH P. VASTINE, PUBLIC ADMINISTRATOR, Respondent, v. PETER WILDING, Appellant.

1. *Evidence—Certificate of deposit — Manual delivery, effect of.*—A. deposited a certain fund in bank, and, as evidence of his title, took a certificate of deposit payable to his own order.   His title thus acquired must be presumed to continue until a divestment of it is shown, and a mere manual delivery of the certificate to B., without indorsement, and unaccompanied with evidence of a consideration paid, would not pass the title as against A.
2. *Practice, civil — Trial — Instructions neither given nor refused, effect of.*— An instruction was asked by defendant, at the conclusion of plaintiff's case, to the effect that plaintiff was not entitled to recover on the proofs.   The court took no action on the instruction, but the trial proceeded, and defendant put in his evidence: *held,* that the instruction was practically refused.

*Appeal from St. Louis Circuit Court.*

*Lackland, Martin & Lackland,* for appellant, cited Simonds v. Oliver, 23 Mo. 32 ; 2 Greenl. Ev. 34 ; McEwan v. Portland, 1 Oregon, 300 ; Entriken v. Brown, 32 Penn. St. 364 ; Goodwin v. Garrison, 8 Cal. 615 ; 21 Barb. 333 ; Millay v. Butts, 35 Maine, 139 ; 2 Pars. Notes and Bills, 438, 480 ; King v. Wilson, 2 Doug. Eng. Rep. 633 ; Dugan v. U. S., 3 Wheat. 172 ; Dollfus v. Frosch, 1 Denio, 367 ; Mattram v. Mills, 1 Sandf. 37 ; Boeka v. Nuella, 28 Mo. 180 ; Lewis v. Bowers' Adm'r, 29 Mo. 203 ; Willard v. Moies, 30 Mo. 142.

*Bland & Thornton*, for respondent, cited Armory v. Delamirie, 1 Strange, 505; Magee v. Scott, 9 Cush. 150; Millay v. Butts, 35 Maine, 139; Smith v. Dean, 19 Mo. 63; Hastings v. McKinley, 1 E. D. Smith, 277; Billings v. Jayne, 11 Barb. 620; Chitty on Bills, 204; Billy Jones v. Witter, 13 Mass. 305; Newman v. Lawless, 6 Mo. 301; Finney *et al.* v. Allen, 7 Mo. 419; Vaulx v. Campbell's Ex'r, 8 Mo. 227; Johnson v. Arundel, 34 Mo. 338.

CURRIER, Judge, delivered the opinion of the court.

This proceeding was instituted under the statute (Gen. Stat. 1865, ch. 128, §§ 17, 18) to recover possession of a certificate of deposit issued by the United States Savings Institution of St. Louis to August Berger, deceased. It was unindorsed, and reads as follows:

"St. Louis, Mo., March 12, 1866.

"August Berger has deposited in this office $1,000, payable to the order of himself on the return of this certificate, six months after date, with interest at the rate of five per cent. per annum."

Berger died, and the plaintiff, as public administrator, took charge of his estate. The plaintiff had no knowledge of the certificate of deposit sued for until it was brought to him by the defendant, who solicited his assistance in collecting it, the bank having refused to pay it without the indorsement of Berger's administrator. The certificate had been found among the papers of Lewis Chrisner by his administratrix. Chrisner died in Belleville, Illinois, May 6, 1867. His administratrix delivered the papers to the defendant for the purpose of collection. How it came among Chrisner's papers in no way appeared, nor was there any testimony tending to throw any light upon the question of its ownership beyond what appears upon its face, and the fact of its possession by Chrisner. The plaintiff demanded possession of it as belonging to the estate of Berger; but the defendant refused to surrender the possession, claiming to hold the certificate as the property of Chrisner's estate. Upon this refusal the present proceedings were instituted.

Vastine, Public Adm'r, v. Wilding.

If the title and ownership of the certificate and the fund it represented were in the plaintiff, as Berger's administrator, at the time of the demand, the defendant's subsequent possession, in opposition and hostility to the plaintiff's right, was, in the sense of the statute, unlawful, and warranted this suit. The real and substantial question for consideration, therefore, is this : Whose was that certificate of deposit? Was the title in the administrator of Berger, or was it in the administratrix of Chrisner?

The certificate itself establishes beyond controversy the fact that Berger was its original owner; that he deposited the fund, and, as evidence of his title, took a certificate of deposit payable to his own order. His title thus acquired must be presumed to continue until a divestment of it is shown; and a mere manual delivery of the paper without indorsement, and unaccompanied with evidence of a consideration paid, would not of itself pass the title. Even in case of personal chattels, as distinguished from choses in action, the presumption of ownership is with the party once shown to have had the title, until an alienation is shown; and the party relying on the fact of such alienation must prove it. So it was decided in Magee v. Scott, 9 Cush. 150, and that decision expresses the recognized doctrine on this subject. In commenting upon the facts of that case, Shaw, C. J., says : " It is to be regretted that the facts showing the relation of the parties and the circumstances under which the goods admitted to have been the property of the plaintiff came into the possession of the defendant, are not stated, in order to show the application of the rule of law laid down by the court. Such circumstances will usually indicate what was the nature and character of such change of possession, whether in consequence of a sale or temporary loan, or how. The plaintiff is proved to be the owner of the property, and the right of property will continue until a change proved, as by sale, lien, or voluntary loan. Whoever relies on such change must prove it; the proof lies on him. All that appears in the present case is that the property came into the possession of the defendant with the plaintiff's consent. How? On what trust or contract? This does not appear." And it was decided accordingly that the presumption of title

in the plaintiff, founded on his original ownership, continued and
prevailed over any presumption of title in the defendant arising
out of his naked, unexplained possession.

The principle involved in that decision, applied to the facts
of the present litigation, is decisive of the issue.    The same
obscurity hangs over Chrisner's possession of the certificate that
hung over the defendant's possession of the personal property
forming the subject of contention in Magee v. Scott.

Why did he have it?    How?    On what trust or contract?
None of these questions are answered.    There is nothing but the
naked, unexplained possession to justify the pretensions of the
Chrisner estate to ownership.    If the fact of once having been
the owner of personal chattels raises the presumption of a con-
tinued title, as in Magee v. Scott, how decisive should that pre-
sumption be in a case like the present, when the paper in dispute
points out and designates the plaintiff's intestate as being the
true owner, and having upon it no mark or sign suggestive of a
change of title.

I have examined all the accessible authorities cited in the brief
of the defendant's counsel, and I find that not one of them
asserts the doctrine that the possession of an unindorsed nego-
tiable note, bill, or certificate of deposit, payable to the order
of the payee therein named, is *prima facie* evidence of title in
the holder as against the payee named in the body of the instru-
ment; the holder furnishing no extrinsic evidence of his equitable
title or interest.    I apprehend no such case can be found.    The
Missouri cases referred to raise questions of practice, and the
decisions at most have but a remote bearing upon the present
inquiry.

Possession is *prima facie* evidence of title when paper is
made payable to bearer, as bank notes; or where, if payable to
order, the paper has once been properly indorsed and put in cir-
culation.    The cases referred to by defendant's counsel are
mostly of this character, or concern personal chattels.

The remark in Parsons (2 Pars. Notes and Bills, 444), that
the "mere possession of an unindorsed note is *prima facie*
evidence of title in the holder," is founded on Parham v. Murphee,

16 Mart., La., 355, new series, vol. 4. The point involved in that case had reference to the authority of the plaintiff's attorney to make the affidavit on which a writ of attachment was sued out. It was insisted that the possession of the note sued on, although unindorsed, was *prima facie* evidence that the attorney was the plaintiff's agent or attorney in fact. The court decided adversely to this claim.

Possession of unindorsed negotiable paper may well be received as *prima facie* evidence as against a stranger to the title; but is the naked and unexplained possession of such paper *prima facie* evidence as against the payee therein named? It does not appear ever to have been so held, and we are not prepared to make a precedent of that character. Nor do we see any sound reason for doing so. But it is urged that the court committed error by reason of its non-action upon an instruction asked by the defendant at the conclusion of the plaintiff's case, to the effect that the plaintiff was not entitled to recover upon the proofs. The record states that this instruction was neither given nor refused; but the record also shows that the trial proceeded and that the defendant put in his evidence. The action taken was a practical refusal of the instruction. The non-action of the court, in omitting to write a refusal upon the instruction, seems to have been the result of inadvertence, and not of intention. The judgment was for the right party, and the defendant does not appear to have been injured by the error complained of. A reversal on that point is not, therefore, warranted. It is assumed in the brief of the defendant's counsel that the certificate of deposit in question is subject to the control and jurisdiction of the Probate Court of St. Clair county, Illinois. The record shows no such fact, and it is therefore unnecessary to consider whether the fact supposed is of any materiality or not.

The views presented lead to an affirmance of the judgment, which is directed. Judge Bliss concurs. Judge Wagner absent.