ROSINA BALLING *v.* MANHATTAN SAVINGS BANK &
TRUST CO.

*(Jackson.*     April Term, 1903.)¹

1. **GIFTS INTER VIVOS.** Not effective and valid when depend-
ent on contingency.

Where a bank depositor delivered to another his bank book show-
ing a sum of money due to him in a certain bank which was
subject to be drawn out by draft or written orders, and at the
same time stated to the donee that he was going away, and
wanted her to have the money to his credit in the bank as evi-
denced by said book, and that if he did not return, he wanted
her to understand that it was hers, and said book was delivered
to her for the purpose of enabling her to collect said money in
the event he did not return, and he then went away, there is
no valid gift *inter vivos,* because the donor retained control and
dominion over the property, and it was within his power upon
his return to revoke this gift at any time. The gift was not
therefore complete and executed, and hence did not take effect
*in præsenti.* The donee's dominion and control over the gift
was entirely dependent upon the contingency of the nonreturn
of the donor and that matter was left in uncertainty. The donee
manifestly had not complete and executed title to the gift so
long as there was a contingency dependent upon the return of
the donor; and this contingency is not removed by an unex-
plained absence of more than seven years without any knowl-
edge or information of his whereabouts, though diligent inquiry
had been made therefor. (*Post, pp.* 290—.)

Cases cited and approved: McEwen v. Troost, 1 Sneed, 186;
Brunson v. Brunson, Meigs, 630, 641; Sheegog v. Perkins, 4
Bax., 273, 281; Marshall v. Russell, 93 Tenn., 265; Grover v.

Balling v. Trust Co.

Grover (Mass.), 24 Pick., 261; Dale v. Lincoln, 62 Ill., 22; Taylor
v. Henry, 48  Md.    550; Walden v. Dixson, 5 T. B. Mon., 170.

2.  **GIFTS INTER VIVOS OR CAUSA MORTIS.**  Delivery of
possession is necessary to make gift absolute and irrevocable;
effect of delivery.

The parol gift of a chattel or chose in action, whether it be a gift
*inter vivos* or *causa mortis*, does not pass title to the donee with-
out delivery and transfer of possession.  The effect of a valid
delivery is to place the subject of the gift in the control and
dominion of the donee, and his title and right of possession, by
said gift and delivery, become absolute and irrevocable.  (*Post*,
*pp.* 293-296.)

Cases cited and approved:  McEwen v. Troost, 1st Sneed, 186;
Marshall v. Russell, 93 Tenn., 265; Grover v. Grover (Mass.),
24 Pick., 261; Dale v. Lincoln, 62 Ill., 22; Taylor v. Henry, 48
Md., 550.

3.  **GIFTS INTER VIVOS.**  The intention must be clearly made
out.

In order to make a gift *inter vivos* complete, it must appear ab-
solutely and beyond a doubt that the donor intended to part
with his dominion over the property.  If the intention to give
is not clearly made out, it can not be supported, and if upon
the facts, the matter be enveloped in doubt, that doubt must
prevail against the hypothesis of a gift.  (*Post, pp.* 295-296.)

Case cited and approved:  Sheegog v. Perkins, 4 Bax., 273, 281,
282.

4.  **GIFTS INTER VIVOS, or CAUSA MORTIS.**  Stronger
evidence required to establish gifts causa mortis than gift
inter vivos.

It is well settled that stronger, more cogent and stringent evi-
dence is required to establish a gift *causa mortis* than a gift
*inter vivos*, because the former donations amount to a revocation

110 Tenn—19

*pro tanto* of written wills, and, not being subject to the forms prescribed for nuncupative wills, are of a dangerous nature, open to the door of fraud and perjury. (*Post*, p. 296.)

Cases cited and approved: Brunson v. Brunson, Meigs, 630, 641, 642; Sheegog v. Perkins, 4 Bax., 273, 281.

---

FROM SHELBY.

---

Appeal from the Chancery Court of Shelby County.— F. H. HEISKELL, Chancellor.

G. T. FITZHUGH, for Rosina Balling.

L. and E. LEHMAN, for Bank & Trust Company.

---

MR. JUSTICE MCALISTER delivered the opinion of the Court.

The question presented in this case is whether, upon the facts alleged in the bill, a valid gift *inter vivos* was made of a sum of money, amounting to $586.54, from one George Volmer to the complainant, Rosina Balling. The chancellor sustained a demurrer interposed by the defendant, and dismissed complainant's bill.

The material allegations of the bill are that on the twelfth day of May, 1890, the said George Volmer opened an account with the defendant, Manhattan Savings Bank & Trust Company, which delivered to the

said Volmer a deposit book giving him credit for the amount deposited on that day.  It is further alleged that, under the rules promulgated by the bank, all deposits were to be credited in said book, and all drafts drawn on account of deposits made with the bank had to be made by the depositor personally, or by his order in writing, on the production of the depositor's book. It is then alleged that deposits were made by the said George Volmer at various times, and entries made in said deposit book giving him credit therefor.  The last deposit by said Volmer, as shown by said deposit book number 5,604, was on November 19, 1891, and the total sum of said deposits, with interest thereon, credited to George Volmer in said bank, amounts to $586.54.

The bill then alleged that on the nineteenth day of January, 1895, the said George Volmer transferred and made actual delivery of said deposit books to complainant, at the same time saying to complainant that he was going away and wanted her to have the money to his credit in said Manhattan Savings Bank & Trust Company' as evidenced by said books, and that if he did not return he wanted complainant to understand that it was hers, and said books were delivered to her for the purpose of enabling her to collect the same in the event that he did not return.

It is then alleged that the said George Volmer did leave on said date, to wit, January 19, 1895, and has never been heard from since; that neither the complainant, nor any other person in said city or county who

knew him (though his acquaintances, as stated, were few), has been able to obtain any information in regard to him, though diligent inquiry has been made for the purpose of ascertaining his whereabouts, etc.

The bill further alleged that more than seven years had elapsed since Volmer left Memphis and Shelby county; that he has been continuously absent since then, and no information whatever in regard to him has been obtained; and complainant is advised that under these circumstances the law raises a presumption of the death of the said George Volmer, and that the transfer and delivery by him to complainant, more than seven years ago, of his deposit books, amounted to a gift of the money in bank to his credit evidenced by said books, and she is therefore legally entitled to the same.

It is further alleged that his failure to return after an absence of more than seven years raises the legal presumption that he will not return at all, and under the law complainant is advised that she has been vested with an absolute title to the money credited to the account of George Volmer.

Three grounds of demurrer were assigned to the bill, to wit: (1) That the bill sets up title to certain moneys deposited with demurrant by George Volmer, upon the allegation that he delivered to complainant his bank deposit book, and that he was going away and wanted her to have the money to his credit with demurrant if he did not return, and this did not give the complainant any right or title to said money, for the reason

that the alleged gift was unexecuted and incomplete, so that the title to said money never passed out of Volmer. (2) The said bill shows that the moneys on deposit with defendant bank to the credit of Volmer were subject only to draft or check accompanying the deposit book, and complainant does not show that she ever received any check or draft for said money, or any part thereof. (3) It is alleged in the said bill that Volmer is dead, and the complainant is not interested in his estate as a distributee, and no one is made a party to the suit as the administrator or personal representative of said decedent.

As already stated, the several demurrers were sustained, and complainant's bill dismissed.

The cardinal inquiry arising under the first assignment is whether the alleged gift was complete and executed. It is argued that, under the allegations of the bill, Volmer retained dominion and control over it, and the right to repossess himself of said fund at any time; that, if there was a delivery of said deposit book to appellant, it was not a present and irrevocable gift. It is insisted the bill in effect admits that at any time, upon the return of Volmer, he would have had the right to repossess himself of the books and the fund. It is insisted that complainant now seeks to have the absolute right to the fund adjudged to her upon the allegation of the nonreturn of Volmer, and the presumption of death arising from seven years of unexplained absence.

In the case of *Marshall* v. *Russell*, 93 Tenn., 265, 25

S. W., 1070, it is said: "The settled rule is that a parol gift of a chattel or chose in action, whether it be a gift *inter vivos* or *causa mortis,* does not pass title to the donee without delivery and transfer of possession. The effect of a valid delivery is to place the subject of the gift in the control and dominion of the donee, and his title and right of possession by said gift and delivery become absolute and irrevocable. *McEwen* v. *Troost,* 1 Sneed, 186. It is therefore essential to the validity of such a gift that the transaction be fully completed, that nothing essential remains to be done. If left incomplete, there exists a *locus pœnitentiæ,* and what has been done may be revoked. An absolute gift which will divest the donor's title requires a complete renunciation on his part, and acquisition on the part of the donee, of all the title to and interest in the subject of the gift."

In the case of *Grover* v. *Grover,* 24 Pick., 261, 35 Am. Dec., 319, it is said: "To constitute a donation *inter vivos,* there must be a gift absolute and irrevocable, without any reference to its taking effect at some future time. The donor must deliver the property, and part with all present and future dominion over it"—citing *Dale* v. *Lincoln,* 62 Ill., 22.

In *Taylor* v. *Henry,* 48 Md., 550, 30 Am. Rep., 486, it appeared that Joseph Henry deposited certain moneys in a savings bank, so that the account stood: "Joseph Henry—Margaret Taylor, and the survivor of them, subject to the order of either." Joseph Henry retained possession of the bank book, and after his death

Margaret Taylor, who was his sister, obtained possession of the same, and claimed the fund as a gift by virtue of the deposit and the use of the aforesaid words. The court, through Mr. Justice Alvey, said "that they [the words] did not import a gift *inter vivos* would seem to be clear upon the most obvious construction. To make such gift perfect and complete, there must be an actual transfer of all right and dominion, over the thing given, by the donor, and acceptance by the donee or some competent person for him. And it is essential to the validity of such gift that it should go into effect, that is, transfer the property, at once and completely; for, if it has reference to a future time when it is to operate as a transfer, it is but a promise without a consideration, and could not be enforced either at law or in equity. Until a gift is thus made perfect the *locus pœnitentiæ* remains, and the owner may make other disposition of the property that he may think proper." See, also, *Walden's Adm'r* v. *Dixon,* 5 T. B. Mon., 170.

In the case of *Sheegog* v. *Perkins,* 4 Baxt., 273, 281, the court said: "In order to make this gift complete, it must appear absolutely and beyond doubt that the donor intended to part with his dominion over the property. If the intention to give . . . be not clearly made out, it cannot be supported; and if, upon the facts, the matter be enveloped in doubt, that doubt must prevail against the hypothesis of the case."

Now, it will be observed in all of the cases cited, the principle is distinctly recognized that, so long as the donor retains control and dominion of the property, there is no gift *inter vivos.* In the present case the bill

distinctly states that the complainant was to have the money in the event that George Volmer did not return, and hence it was within the power of George Volmer, upon his return, to revoke this gift at any time. The gift was not, therefore, complete and executed, and hence did not take effect *in præsenti*. The donee's dominion and control over the gift was entirely dependent upon the contingency of the nonreturn of the donor, and that matter was left in uncertainty. The donee manifestly had no complete and executed title to the gift so long as there was a contingency dependent upon the return of the donor. It is well settled that stronger, more cogent, and stringent proof is required to establish a gift, *causa mortis* than a gift *inter vivos,* because the former donations amount to a revocation *pro tanto* of written wills, and, not being subject to the forms prescribed for nuncupative wills, are of a dangerous nature, and open the door of fraud and perjury. *Sheegog* v. *Perkins,* 4 Baxt., 273-281; *Brunson* v. *Brunson,* Meigs, 630, 641.

It is not seriously contended that a gift *causa mortis* could be made to arise upon the facts stated in the bill, but the contention of complainant's counsel is that the facts make out a gift *inter vivos.*

We have carefully reviewed the elaborate extracts from authorities found in the complainant's brief to sustain his contention, but are of opinion the principle announced in those cases is in harmony with the rule herein announced, and do not sustain the position of the complainant. It results that the decree of the chancellor must be affirmed.