## EDGAR R. ALLEN *et al. v.* G. S. HAYS *et al.*[*]

### (*Knoxville.*   September Term, 1917.)

1. **BILLS AND NOTES. Presumptions. Ownership of note.**

The possession by a third party of a note payable to the order of the payee and not indorsed by him raises no presumption of ownership, and no such presumption is created by Negotiable Instrument Law, section 49 (Thompson's Shannon's Code, section 3516a48), providing that a transfer for value without indorsement vests in the transferee such title as the transferor had, and that the transferee acquires in addition the right to the transferor's indorsement, as this contemplates the making of proof of the transfer. (*Post, pp.* 58-61.)

Cases cited and approved: Swanby v. Northern State Bank, 150 Wis., 572; Kiefer v. Tolbert, 128 Minn., 519; Tuttle v. Becker, 47 Iowa, 486; Robertson v. Dunn, 87 N. C., 191; Vastine v. Wilding, 45 Mo., 89; Bausman v. Kelley, 38 Minn., 197.

Cases cited and distinguished: Roy v. Duff, 170 Iowa, 319; Gano v. McCarthy, 79 Ky., 409.

Code cited and construed:   Sec. 3516a48 (T.-S.).

2. **GIFTS. Presumptions. Sufficiency of evidence. Gift of note.**

Where proceeds of notes were found on the death of the payee in the hands of one named as executor, and the notes were not indorsed by the payee when collected, the presumption is that they were his property, and a son of the executor, claiming ownership under an alleged gift to the executor for his benefit, has the burden of proof to overcome such presumption by proof that is clear and satisfactory upon every point essential to title by gift. (*Post, pp.* 61, 62.)

Case cited and approved: Reading Trust Co. v. Thompson, 254 Pa., 333.

[*]As to effect of production of bill or note not transferable by delivery, to establish prima facie plaintiff's title to note, especially as to presumption between payee and stranger in possession see note in 50 L. R. A. (N. S.), 588.

FROM GREENE.

Appeal from Chancery Court of Greene County.— HUGH G. KYLE, Chancellor.

EPPS & YOUNG and W. H. PIPER, for appellant.

SHOUN & TRIM and SUSONG & BIDDLE, for appellees.

MR. JUSTICE WILLIAMS delivered the opinion of the Court.

This is a controversy involving the distribution of the estate of Dr. M. F. Jeralds, a leading physician of Greene county, who died in January, 1913. There were two executors of his estate. One of these, Allen, filed the bill of complaint against the other, Dr. G. S. Hays, and other defendants, for the purpose, among others of calling Hays to account for the amount of certain notes executed by one C. A. Johnson to Jeralds and secured by a mortgage on real estate.

The defendant executor defends on the ground that, though he had collected the notes, that fact preceded the death of Jeralds, and that the latter had long prior to the date of collection given the notes to him, G. S. Hays, to be held as a gift to Gerald Hays, the son of Hays, who married a daughter of testator.

The money, along with other funds belonging to Hays personally, was lent by Hays to one Shanks;

the sum *in solido* being represented in a note payable to Hays himself, without any definition in the note or in the mortgage securing it of any trust, as to any portion of it in favor of the boy, Gerald.

The complainant executor's theory is that the fund collected by Hays came into the hands of the latter as a personal representative of Jeralds and should be accounted for accordingly. ·

This opinion concerns the question whether or not a parol gift of the Johnson mortgage notes by the grandfather to defendant Gerald Hays is established.

The proposition advanced by counsel of Hays and Gerald Hays is that the possession of the notes raises a presumption of title, and that proof of possession along with testimony showing that Hays asserted at various times that the possession held by him was for his son, in explanation thereof, made a sufficient case; at least *prima facie,* to entitle the possession to be maintained until the contrary is established.

It becomes material, therefore, to inquire whether, since the notes which were payable to order, but not indorsed by Jeralds, the payee, such a presumption of ownership arises from possession.

The defendant seeks to buttress the claim to a presumption of title, arising from possession of the notes by referring to section 49 of the Negotiable Instrument Law (Thompson's Shannon's Code, section 3516a48), which is as follows:

''Where the holder of an instrument payable to his order transfers it for value without indorsing it, the transfer vests in the transferee such title as the transferer had therein, and the transferee acquires, in addition, the right to have the indorsement of the transferer. But, for the purpose of determining whether the transferee is a holder in due course, the negotiation takes effect as of the time when the indorsement is actually made.''

But this section clearly contemplates the making of proof of a transfer. *Swanby* v. *Northern State Bank,* 150 Wis., 572, 137 N. W., 763; *Kiefer* v. *Tolbert,* 128 Minn., 519, 151 N. W., 529; Crawford, Neg. Ins. Law (4 Ed.), section 49, p. 91.

Further, such transfer must be one for value; and it is not claimed that value supported the claim gift of the notes in question.

The above-quoted section does not have any bearing upon the matter of presumption. We need not determine whether, under the rule of construction *expressio unius,* section 16 of the act (Thompson's Shannon's Code, section 3516a15), which does deal with the matter of presumptions, shows that no such presumption obtains, in this phrase:

''When the instrument is no longer in the possession of a party whose signature appears thereon, a valid and intentional delivery by him is presumed until the contrary is proved.''

Pretermitting that question, is there such a presumption at common law against the payee?

In *Roy* v. *Duff,* 170 Iowa, 319, 152 N. W., 606, which arose after the passage of the Uniform Act in that State, it was said respecting the presumption existing against the payee of such a note:

"This title is presumed to continue until it is shown to have been divested, and we take it to be the rule that the mere possession of such paper, without indorsement, where there is no evidence of a consideration paid, and no evidence of delivery except possession, is an insufficient showing of the passing of title of the defendant. . . . The mere possession of a negotiable promissory note or any negotiable instrument, the title to which passes under the law merchant by indorsement and delivery, is not *prima-facie* evidence of ownership as against the payee. The absence of the indicia of ownership is wanting, and mere possession does not supply this."

In an earlier case, *Tuttle* v. *Becker,* 47 Iowa, 486, it was said that, if possession is *prima-facie* evidence of ownership, then the thief or wrongdoer would have the owner at a serious disadvantage.

*Gano* v. *McCarthy,* 79 Ky., 409, was a contest between one claiming a note under voluntary gift alleged to have been made by the deceased payee and the latter's administrator. There was no indorsement of the note, but it was in the claimant's possession. The court said:

"The mere fact of possession upon such a state of facts, was not *prima-facie* evidence of ownership. There might have been such a gift of the note, or a

verbal sale of it, by the intestate to his niece, as to prevent a recovery by his personal representative, is not doubted; but such a defense must be sustained by the proof, and the law will not presume the existence of such facts from the mere possession of the note by the claimant as will deprive the owner of title. The presumption is that the title and right of possession is with the original owner, and the burden is on the claimant to show that his possession is rightful. . . . It would be an easy matter to deprive the owner of his property, if in such a case he were required not only to make his action good by showing title in himself, but, must, in some other manner than the exhibition of his title, negative the idea that the possession of the defendant is wrongful.''

See, also, *Robertson* v. *Dunn*, 87 N. C., 191; *Vastine* v. *Wilding,* 45 Mo., 89, 100 Am. Dec., 347; *Bausman* v. *Kelley,* 38 Minn., 197, 36 N. W. 333, 8 Am. St. Rep., 661.

The case in hand is yet stronger against the presumption. The notes' proceeds were found at the death of Jeralds in the hands of Hays as one of his executors, we think must be the legal effect of the transactions, nothing else appearing. The presumption in such case is that the notes, unindorsed when collected, were yet the property of the payee. See note, 50 L. R. A. (N. S.), 588.

Where, therefore, as here, the claim of the alleged donee, the child of the defendant executor, may arise out of the fact that his father had opportunities as

personal representative to come into possession of the notes and their proceeds, not only is the burden of proof on the claimant but he must overcome that presumption by proof clear and satisfactory upon every point essential to title by gift. *Reading Trust Co.* v. *Thompson*, 254 Pa., 333, 98 Atl., 953.

Without meaning to impute wrong to the defendant executor, or to intimate that the record indicates any degree of unfaithfulness to his trust, we hold, as did the chancellor, that the competent proof fails to show that the notes passed as a gift *inter vivos* to Gerald Hays.

The chancellor's decree on this and the other matters in contest being correct, it is affirmed. Costs of the appeal will be paid, one-third by defendants and two-thirds by complainant.