FERRY v. BRYANT et al.
No. 3.

Eastern Section.   September 19, 1935.

Petition for Certiorari denied by Supreme Court, March 12, 1936.

James P. Kivett, of Tazewell, for appellant.
W. I. Davis and J. R. Ketron, both of Tazewell, for appellees.

McAMIS, J.   By the bill, as amended, the action in this case is to recover an alleged trust fund of $1,900. Complainant below is a daughter of G. S. Southern, deceased. It is her theory and contention that her father, some years prior to his death, placed the sum in controversy in a bank at Middlesboro, Ky., in the joint names of defendant George Bryant and another daughter of Mr. Southern to be held by them in trust for complainant and to be delivered to her upon the death of her father.   It is charged that the trustees, in breach of the trust agreement, prior to the death of Mr. Southern, withdrew the funds from the bank and redelivered the same to him.   It is further alleged that other codefendants of Bryant persuaded Mr. Southern, who was then aged and infirm, to give said funds to them and that said defendants accepted said funds with knowledge that the same were impressed with a trust in complainant's favor and, therefore, should be required to account to complainant.

There are numerous collateral issues raised by the pleadings and the proof in the case is voluminous, but the question determinative of the appeal in respect to the $1,900 fund is whether there was an outright and unrestricted gift of the money deposited by Mr. Southern in the name of the trustees or whether, as the chancellor decreed, Mr. Southern merely intended to give complainant a part of his personal estate, but failed to make delivery of same or place it beyond his control so as to vest title in complainant.

It is elementary that there can be no gift of personal property inter vivos absent complete and unconditional delivery of the article either directly to the donee or to a trustee to act as agent for the donee. If delivery to a third party is merely for the purpose of delivery to the donee, the gift is not completed until the subject of the gift is actually delivered to the donee, and until that is done the donor may revoke the authority of his agent to make delivery, and resume possession of the article. However, the rule is that where delivery is unconditionally made to a third person to act as agent or trustee for the donee, such delivery completes the gift. To constitute such a case the circumstances must show a full relinquishment of dominion over the property to the trustee for the purpose of the trust, so that the trustee shall not be the agent of the donor, but shall act for the donee. Marshall v. Russell, 93 Tenn., 261, 266, 267, 25 S. W., 1070; Chandler v. Roddy, 163 Tenn., 338, 43 S. W. (2d), 397; Fly v. Woods, 13 Tenn. App., 310.

■ In this case it appears from the testimony of complainant's witnesses that Mr. Southern reserved the right to use such of the funds as he needed during his lifetime and it is uncontroverted that he did in fact use a part of them and two or three separate withdrawals were made by the trustees and the money delivered to him for his use and benefit prior to the withdrawal now complained of. It also appears that even these funds were delivered to him and disposed of by him.

Under such circumstances, there was no unconditional delivery to a trustee for the benefit of the donee so often declared to be essential to a vesting of title in the donee.

■ If the donor had not reserved the right to consume or encroach upon the corpus of the fund, but had merely reserved the right to use the income from it during his lifetime or some other fixed period of time, the gift would have been effectual (28 C. J., p. 647); but the subject of the gift must be certain and definite (28 C. J., 644). Here, the right to use the fund and perhaps consume the entire amount reserved to the alleged donor reduces the subject of the gift to a mere expectancy and is wholly incompatible with a vesting of title in the trustees for the use and benefit of the donee. It is our conception, rather, that the trustees were to act and did act for Mr. Southern and not for complainant and that, at most, according to the testimony of complainant's own witnesses, there was created a mere tentative or incomplete and revocable trust in favor of complainant. Such a trust being revocable (and having been revoked) during the lifetime of the trustor is wholly ineffectual to pass title to complainant. See notes, Ann. Cas. 1913E, 516.

■ In order to transfer money in a bank from the owner into a condition of trust for another, there must be a present and permanent change of title. Citizens' Nat. Bank v. McKenna, 168 Mo. App., 254, 153 S. W., 521.

■ Complainant relies upon declarations by Mr. Southern that these particular funds were complainant's. Such declarations manifest an intention to give the property to her, but are insufficient to convert it into a trust fund. Smithwick v. Corning Bank, 95 Ark., 463, 130 S. W., 166.

■ The intention to make a gift, to release the dominion and control of the subject must be clearly established; and if the matter be doubtful, that doubt must be resolved against the hypothesis of the gift. Chandler v. Roddy, supra. In this case not only was the gift incomplete and imperfect, under complainant's own theory and proof, assuming it to be true, but we are further of opinion that complainant failed to establish with the required certainty that her father intended to give her any sort of beneficial interest in the funds here in controversy. It is at least equally as certain, under the record be-

fore us, that this fund was about to be tied up in litigation and that he placed it in the name of defendant Bryant and his cotrustee to be held for his own benefit. The chancellor correctly dismissed the bill in reference to the $1,900 fund and his decree so holding is affirmed.

The last observation with respect to the proof introduced to establish a gift of the $1,900 applies with equal force also to the note on one W. P. Nash which complainant insists was delivered by her father to May Denny for her use and benefit. We are further of opinion this alleged gift cannot be sustained because complainant's witness, Mrs. Saylor, testified that the note was to be delivered to complainant only in event her father should die, the inference being that if collected before his death it would still be his property. Such a gift would be qualified or conditional and would not vest title in the donee. Balling v. Manhattan Sav. Bank & Trust Co., 110 Tenn., 288, 75 S. W. 1051.

We find no error in the decree of the chancellor and it is affirmed with costs.