# AMERICAN NAT. BANK v. ROBINSON.—184 S. W. (2d) 393.

Middle Section.   July 22, 1944.

Petition for Certiorari denied by Supreme Court, December 8, 1944.

Thomas G. Watkins, of Nashville, for appellant.

Alfred T. Adams and Reber Boult, both of Nashville, for appellee.

HICKERSON, J. American National Bank, as administrator of the estate of Lum Bolden, deceased (sometimes called Lun Bolden), brought this suit to recover from defendant, Tom Ella Robinson, a certificate representing one hundred thirty-five shares of stock in the American National Bank of Nashville, Tennessee. The Chancellor decided the issues in favor of complainant and entered a decree which stated:

"After argument of counsel and upon due consideration, the Court finds that the original bill was filed herein by the American National Bank of Nashville as the regularly appointed and acting Administrator of Lum Bolden, deceased, who died in Nashville, Tennessee, on November 18, 1939, intestate, to recover from Tom Ella Robinson a certain certificate No. B-80 for one hundred thirty-five shares of stock in the American National Bank, it being alleged that said stock certificate was an asset of the estate of Lum Bolden and that it was being wrongfully detained by the said defendant, Tom Ella Robinson.

"The Court further finds that said stock certificate was at all times prior to the death of said Lum Bolden registered, on the records of the issuing corporation in the name of 'Lun Bolden,' (Lum Bolden, Lun Bolden and L. B. Bolden being one and the same person), and a photostat of said original stock certificate filed in this record by stipulation reveals that it is so issued and that it was not endorsed or assigned by the said Lum Bolden in the space provided thereon; nor was it assigned by the said Lum Bolden by any other separate instrument; so far as this record reveals or indicates; and, further that it was at all times, recorded upon the stock transfer records of said American National Bank in the name of

Lum Bolden without transfer, assignment, pledge or change in record ownership of any kind or character.

"The Court further finds that after the death of said Lum Bolden said original stock certificate turned up in the possession of defendant, Tom Ella Robinson, and it has been at all times retained by her or by her attorney. For approximately one week prior to Lum Bolden's death, Tom Ella Robinson lived on the premises with him in the one room frame dilapidated building in which he died, and the Court finds that she had access to his papers and personal property.

"The Court further finds that the possession of this original certificate of stock by Tom Ella Robinson after Lum Bolden's death, in view of all the circumstances, does not raise any presumption that she had become the lawful owner of said certificate and the Court finds that, at all times, on and prior to the date of said Lum Bolden's death he was the lawful owner of said original certificate of stock and that, accordingly, his personal representative, The American National Bank, Administrator, is entitled to the title and possession of said certificate and all rights of title and ownership incident thereto. See Atchley v. Rimmer, 148 Tenn. 303, 255 S. W. 366, 30 A. L. R. 1481; Chandler v. Roddy, 163 Tenn. 338, 43 S. W. (2d) 397.

"It is accordingly ordered, adjudged and decreed that the original bill be and it is hereby sustained, and it is ordered that the defendant, Tom Ella Robinson, surrender to The American National Bank, Administrator, the original certificate No. B-80, for one hundred thirty-five shares of the capital stock of The American National Bank, originally issued to 'Lun Bolden,' and that said American National Bank as Administrator be vested with all of the right, title and interest to said certificate

and become entitled to all of the incidents of ownership thereof as of November 18, 1939, the date of said Lum Bolden's death, including the right to receive and administer all dividends which have accrued since said date. It is further ordered that, if necessary, a writ of possession issue to make effective the terms of this order.''

From that decree Tom Ella Robinson appealed to this Court.

It is the contention of appellant that complainant did not allege nor prove that this stock certificate in question was an asset of the estate of Lum Bolden.

Complainant alleged in its bill:

''The defendant, Tom Ella Robinson, is a resident of Davidson County, Tennessee, as set out in the caption hereof. Defendant has in her possession Certificate No. B-80 for 135 shares of the capital stock of American National Bank dated August 8th, 1929 issued in the name of Lun Bolden.

''Complainant would further show unto the Court that said stock certificate was not endorsed by the deceased . . . Lum Bolden and complainant has made demand upon the defendant for said certificate of stock. This demand has been refused.

''Complainant would further show unto the Court that within a few hours after the death of the said Lum Bolden the said Tom Ella Robinson delivered to one of its officers certain bank books and other private papers belonging to the said Lum Bolden. Complainant is informed and therefore charges that the said Lum Bolden was ill for some several days prior to his death, and the said Tom Ella Robinson visited him quite frequently during said period of time and prior thereto and therefore complainant charges that she had access to his papers.

"Complainant further alleges that said certificate of stock is unlawfully detained from the complainant by the defendant and has been so unlawfully detained since the death of the said Lum Bolden. None of said property is subject to detention by the defendant; and the detention thereof is wholly unlawful. Said stock is reasonably worth between $15.75 and $16.50 per share."

Upon that allegation complainant prayed:

"That the title of the complainant to said stock certificate, and its right to the immediate and exclusive possession thereof be decreed and duly enforced by all necessary orders and that complainant have and recover of defendant all damages suffered by complainant by reason of the unlawful detention of said certificate of stock."

Appellant stated in her answer:

"It is true, as averred that this defendant is a resident of Davidson County, Tennessee and possesses certificate No. B-80 for one hundred and thirty-five (135) shares of the capital stock of the complainant and which certificate is dated August 8, 1929. It is also true that said certificate is not endorsed by said deceased and that complainant demanded same of her which demand was refused.

"It is also true that for some days prior to his death said deceased was ill and that this defendant visited him frequently and ministered unto him and did, at his request, deliver to complainant certain bank books and other valuables of his. This defendant emphatically denies that she had access to his papers.

"This defendant denies that she is unlawfully detaining said certificate of stock from complainant and denies that she has unlawfully detained the same since the

death of said deceased and denies emphatically that complainant has any interest in or right to said certificate.''

Upon the issues thus made, the proof was taken and the case tried. There is no controversy about the evidence. The parties do differ about the conclusions of fact to be drawn therefrom. We hold that the conclusions of fact which the Chancellor reached were justified by the evidence and we concur therein.

Complainant made out a prima facie case when it alleged and proved that: This stock certificate was made payable to Lum Bolden, its intestate; it stood in the name of Lum Bolden at 'the time of his death on the books of the bank; and it had not been endorsed by him. Having shown that the stock certificate was owned by Lum Bolden in the first instance it will be presumed, ''that his ownership continued until his death, unless some sufficient words or acts of transfer, by gift, or otherwise, can be shown.'' In re Estate of Wohleber, 320 Pa. 83, 181 A. 479, 480, 101 A. L. R. 829.

This question was before our Supreme Court in Allen v. Hays, 139 Tenn. 56, 201 S. W. 135, 136, wherein the Court held:

''The above-quoted section (Negotiable Instruments Law) does not have any bearing upon the matter of presumption. We need not determine whether, under the rule of construction expressio unius, section 16 of the act (Thom. Shan. Code, Sec. 3516a15), which does deal with the matter of presumptions, shows that no such presumption obtains, in this phrase:

'' 'When the instrument is no longer in the possession of a party whose signature appears thereon, a valid and intentional delivery by him is presumed until the contrary is proved.'

"Pretermitting that question, is there such a presumption at common law against the payee?

"In Roy v. Duff, 170 Iowa 319, 152 N. W. 606, which arose after the passage of the Uniform Act in that state, it was said respecting the presumption existing against the payee of such a note:

" 'This title is presumed to continue until it is shown to have been divested, and we take it to be the rule that the mere possession of such paper, without indorsement, where there is no evidence of a consideration paid, and no evidence of delivery except possession, is an insufficient showing of the passing of title of the defendant. . . . The mere possession of a negotiable promissory note or any negotiable instrument, the title to which passes under the law merchant by indorsement and delivery, is not prima facie evidence of ownership as against the payee. The absence of the indicia of ownership is wanting and mere possession does not supply this.'

"In an earlier case, Tuttle v. Becker, 47 Iowa 486, it was said that, if possession is prima facie evidence of ownership, then the thief or wrongdoer would have the owner at a serious disadvantage.

"Garro v. McCarthy, 79 Ky. 409, was a contest between one claiming a note under voluntary gift alleged to have been made by the deceased payee and the latter's administrator. There was no indorsement of the note, but it was in the claimant's possession. The court said:

" 'The mere fact of possession upon such a state of facts, was not prima facie evidence of ownership. There might have been such a gift of the note, or a verbal sale of it, by the intestate to his niece, as to prevent a recovery by his personal representative, is not doubted; but such a defense must be sustained by the proof, and the law

will not presume the existence of such facts from the mere possession of the note by the claimant as will deprive the owner of title. The presumption is that the title and right of possession is with the original owner, and the burden is on the claimant to show that his possession is rightful. . . . It would be an easy matter to deprive the owner of his property, if in such a case he were required not only to make his action good by showing title in himself, but must, in some other manner than the exhibition of his title, negative the idea that the possession of the defendant is wrongful.'

"See, also, Robertson v. Dunn, 87 N. C. 191; Vastine v. Wilding, 45 Mo. 89, 100 Am. Dec. 347; Bausman v. Kelley, 38 Minn. 197, 36 N. W. 333, 8 Am. St. Rep. 661.

"The case in hand is yet stronger against the presumption. The notes' proceeds were found at the death of Jeralds in the hands of Hays as one of his executors, we think must be the legal effect of the transactions, nothing else appearing. The presumption in such case is that the notes, unindorsed when collected, were yet the property of the payee. See note, 50 L. R. A. (N. S.), 588."

See also Atchley v. Rimmer, 148 Tenn. 303, 255 S. W. 366, 30 A. L. R. 1481.

Most of the foregoing cases refer to negotiable instruments; but we think the stock certificate in question partakes so nearly of the nature of a negotiable instrument that the rules relating to presumptions announced in these cases respecting negotiable instruments apply in the instant case. Figuers v. Sherrell, 181 Tenn. 87, 178 S. W. (2d) 629, 152 A. L. R. 420.

We hold that the allegations of the bill sufficiently presented to defendant the contentions of complainant and the issues which defendant had to meet: That Lum Bolden was the owner of the stock certificate in question

at the time of his death, and that complainant, as his administrator, was entitled to this certificate. ''The modern tendency in all progressive jurisdictions is away from formal defects and distinctions, not affecting the merits.'' Metropolitan Life Insurance Company v. Moore, 167 Tenn. 620, 72 S. W. (2d) 1050, 1051; Lawman v. Barnett, 180 Tenn. 546, 177 S. W. (2d) 121, 153 A. L. R. 772.

The real defense to complainant's suit does not appear from the answer of defendant. The theory of her defense is stated in the brief filed in her behalf in this Court as follows:

''Of course title to the certificate passed to appellant by gift. If appellee questioned the validity of the gift it was incumbent upon it to do so by appropriate pleadings and proof by establishing the absence of essentials constituting a gift inter vivos or causa mortis.

''This record does not disclose when the gift was made, whether a long time prior to or shortly before intestate's death, nor the circumstances under which it was made.''

Wherefore, the determinative question on the merits in this lawsuit is whether Lum Bolden gave this stock certificate to defendant. The rules relating to gifts are well settled by decisions of the courts of this state. Intention to give and delivery of the subject of the gift must clearly appear. Doubts must be resolved against the gift. There is no delivery unless the complete dominion and control of the gift is surrendered by the donor and acquired by the donee. The burden of proving that a gift was made is upon the donee; and the courts will closely scrutinize the evidence by which it is sought to establish a gift after the donor's death. Atchley v. Rimmer, 148 Tenn. 303, 255 S. W. 366, 30 A. L. R. 1481; Chandler v. Roddy, 163 Tenn. 338, 43 S. W. (2d) 397; Allen v.

654

Hays, 139 Tenn. 56, 201 S. W. 135; Ferry v. Bryant, 19 Tenn. App. 612, 93 S. W. (2d) 344; Dodson v. Matthews, 22 Tenn. App. 49, 117 S. W. (2d) 969; Miller v. Proctor, 24 Tenn. App. 439, 145 S. W. (2d) 807.

██ ██ Defendant did not testify in this case. She relied simply upon the fact that she had possession of this stock certificate, and that complainant could not show that it did not belong to her. She had every opportunity during the week before Lum Bolden died, and after he died, to take possession of this certificate without his knowledge or consent. Under all the facts and circumstances of this case the burden was on defendant to prove that Lum Bolden did give her this stock certificate, and not on complainant to show that he did not. She failed to carry that burden. To hold otherwise would put the assets of an estate at the mercy of any person who had access to such assets and an opportunity to take possession of them. Usually it would be impossible for the personal representative to prove that the assets of the estate had not been given by the deceased to any person who was in possession of them at the time of his death. On the contrary, it should be no trouble for the donee of a gift to prove the fact of the gift and the law places that burden upon the donee.

We have no doubt that the Chancellor reached the correct conclusion in this case. All assignments of error are overruled and the decree of the Chancery Court is affirmed with costs.

Felts, and Howell, J.J., concur.