## MUIR *vs.* DEMAREE.

Where creditors accepted a note from their debtor, signed by him and by several other persons as sureties, payable to a *bank* or *bearer*, and subscribed their own names underneath the other signers as *makers*, and procured the note to be discounted at a bank, which, when due, they were obliged to take up, *it was held*, that after such payment by them, they were remitted to their former rights, and might either maintain an action upon the note or transfer is to a third person, and thus give him a right of action against the original makers.

THIS was an action of *assumpsit*, tried at the Cayuga circuit in December, 1831, before the Hon. DANIEL MOSELEY, one of the circuit judges.

D. Hazeltine, being indebted to the firm of *Fitch & Hurd* in about $60, by arrangement with them, signed a note, and procured it to be signed by the defendant, *Demaree*, and 3 other persons, bearing date 29th July, 1826, whereby they promised *jointly* and *severally* to pay the president, directors and company of the Bank of Auburn, or *bearer*, $125, one hundred days after the date of the note. Hazeltine delivered the

note to Fitch & Hurd, who accepted it in payment of the debt due to them, and paid the balance of the note to him, and then applied to the Bank of Auburn to discount the note, who refused to do so, unless they would put their names upon the paper; whereupon they did so, but instead of *endorsing* the note, subscribed the name of the firm as *makers*, under the names of the individuals who had before affixed their names, and the bank discounted the note. When the note fell due, it was not paid by Hazeltine, or the other signers of the note, whose names were upon it when it was received by Hurd & Smith, and the latter were obliged to take up the note and pay the amount thereof to the bank. In April, 1827, Hurd & Smith, after striking out the name of their firm, transferred the note to *Muir*, the plaintiff, who commenced a suit for the recovery of the amount against *Demaree*, one of the original makers. The defendant moved that the plaintiff be nonsuited, insisting that the note, after its payment by Hurd & Smith at the bank had no legal existence, and that Hurd & Smith had not such an interest in the note after the payment as was the subject of assignment. The judge refused to nonsuit the plaintiff. The defendant then contended, that if the plaintiff was entitled to recover, he could claim only an aliquot portion of the note, to wit, one fifth. The jury, however, under the charge of the judge found a verdict for the plaintiff for the full amount of the note and interest. The defendant asks for a new trial.

*J. Porter*, for the defendant.

*W. T. Worden & M. T. Reynolds*, for the plaintiff.

*By the Court*, SAVAGE, Ch. J. The principal question in this case is, whether the note on which the action is brought was a valid instrument in the hands of *Fitch & Hurd*, after it was paid at the bank? There can be no doubt of its validity in their hands before they affixed to it the name of their firm. Had they kept it until due, they might have maintained a suit upon it; it was their property. When they passed it to the bank, they became obligated to the bank, but they were

not *sureties* for the makers, in the proper sense of the term. They were the original creditors, and could not be both debtors and creditors in the same transaction. Substantially they stood in the same relation to the bank as if they had been *payees* in the note, and had endorsed it to the bank. When they paid the note, such payment was a discharge of *their liability* to the bank, but not of the liability of the makers. They were remitted to their former rights, and as much entitled to recover upon the note as if it had never been in the bank. There is no similarity between this case and that of *Warren* v. *Price*, 3 Wendell, 399. Warren there was a *surety* as between the original parties in the concoction of the note ; here *Fitch & Hurd* were not sureties but in substance the payees of the note, and had full right to transfer it to the plaintiff. Whether the note was in fact transferred to the plaintiff, was fairly submitted to the jury, who found a verdict in his favor.

New trial denied.