(107 N. W. 971.)

---

FLORENCE I. KERR v. THE CITY OF GRAND FORKS.

Opinion filed January 24, 1906. Rehearing denied March 15, 1906.

**Amendment After Notice of Trial — Change of Cause of Action.**

    1. An amendment of a complaint after the cause has been set for trial may be permitted, although the cause of action be technically changed in reference to the plaintiff's claim.

**Same.**

    2. In considering the granting or refusing of such amendments, the test is, not whether the cause of action is changed in a technical sense, but whether the amendment should be allowed in furtherance of justice.

**Amendment of Complaint — New Notice of Trial.**

  3. In cases where an amendment is allowed after the cause is properly on the trial calendar, and has been set for trial on a day certain, no new notice of trial or note of issue need be served or filed.

**Harmless Error.**

  4. The overruling of objections to the following question: "Is a broken leg like that liable to be weak and cause trouble if used much?" is not prejudicial error in view of the negative character of the answer.

**Opinion Evidence — Hypothetical Question.**

  5. The overruling of an objection to the following question: "Doctor, assuming that she broke the leg by reason of the fall that she suffered on the sidewalk, would such a fall or might such a fall cause internal injuries or strains which would produce pains of a character that she was complaining of?" is not error.

Appeal from District Court, Grand Forks county; *Fisk, J.*

Action by Florence I. Kerr against the city of Grand Forks. Judgment for plaintiff, and defendant appeals.

Affirmed.

*Geo. A. Bangs,* for appellant.
*Frank B. Feetham* and *Scott Rex,* for respondent.

MORGAN, C. J. The plaintiff was injured by a fall upon a sidewalk of the defendant and brings this action to recover damages caused thereby. The first error assigned is that the court allowed the plaintiff to amend the complaint before going to trial. The original complaint pleads an ordinance of the defendant city prescribing the manner in which sidewalks shall be constructed. Paragraph 3 of the complaint was as follows: "That upon the westerly side of 7th street between Selkirk and Cheyenne avenues and opposite the lots known as No. 307 and No. 309 N. 7th St., the sidewalk is not laid in accordance with the provisions of said city ordinance above quoted, but on the contrary the sidewalk does not conform to the grade of said city street, established by the city engineer and approved by the city council, and in that said sidewalk is not laid gradient throughout the entire side of said block, but that upon said walk there is a descent of from 6 to 10 inches in height, opposite to the numbers above indicated, slanting down from a higher to a lower walk in an exceedingly dangerous manner and in absolute contravention of the terms of said ordinance." Paragraph 4 of the original com-

plaint was as follows: "That on the 20th day of March, 1903, the said sidewalk on the westerly side of North Seventh street, between Selkirk and Cheyenne avenue in said city, was a public walk, under the control of said defendant and that it was the duty of the defendant to see that the same was erected in a proper manner and kept in proper repair as one of the public ways of the city." The complaint further alleged: "That such accident was caused by reason of the defective, unsafe and dangerous walk at said point, in that said walk was not laid gradient, as hereinbefore described, which exposed a surface which was dangerous at all times and when wet or icy or covered with soft snow was an exceedingly dangerous walk. That at the time of such accident such dangerous place was concealed by loose light snow and underlying such light snow and upon the slanting piece of walk was a coating of ice. That this plaintiff while walking upon and over said sidewalk at said point on account of such dangerous, unsafe and defective condition of said walk, was caused to slip upon said inclined and slanting surface of said walk and to fall heavily and that by reason thereof she sustained severe injuries as follows." The complaint further alleged that the ordinances provided that it was the duty of the city to keep the sidewalks "free and clear of ice and snow." The amendments to the complaint which were allowed before the trial were as follows: By adding to paragraph 3, after the word "block," the words, "and was not laid gradient when constructed." And the following words at the end of said paragraph: "which defect has continued for a number of years last past and of which defect the defendant had due notice." Further, by adding to paragraph 4 the following: "And that said defendant negligently and carelessly permitted the said walk described in paragraph 3, to be constructed with a sharp slope of six inches or more rise and negligently permitted the same to remain in such defective condition well knowing that such walk as so constructed and used was unsafe for the use of pedestrians." Defendant objected to the amendment on the ground that it entirely changed the cause of action. The contention is that the original cause of action was one for damages arising out of the failure of the city to enforce its ordinances relating to the construction of sidewalks, and that the amended complaint states a cause of action against the city for negligence in permitting the sidewalk to remain in a defective and dangerous condition

for an unreasonable time after notice of the existence of such condition. We are far from conceding the soundness of this contention. The original complaint, when liberally construed, seems to outline a cause of action growing out of a defective construction of the walk and permitting it to remain in that condition. The allegations are not definite in that regard, but the intention of the pleader to do so is evident. The original complaint and the amended complaint allege the same injury through a defect of the same sidewalk. Whether the two technically allege a different cause of action is immaterial. The statute permits such amendments in furtherance of justice. Section 5297, Revised Codes of 1899. The amended complaint makes it clear that the negligence of the city in constructing the walk and negligently permitting it to continue in a dangerous and defective condition was relied upon as the cause of the injury.

Conceding, however, that the amendment set forth a different cause of action in the strict technical sense, it was properly allowed. The amendment did not substantially change the plaintiff's claim. This court has recently had a similar amendment under consideration and after mature deliberation held that an amendment changing a cause of action from one based on the common-law liability of a railway company to one based on the failure to comply with the statutory duty to fence its right of way was properly allowed in justice court. In that case it was said: "The object of statutes of this character is to facilitate and insure a full, fair and speedy determination of the actual claim or defense on the merits by requiring the court to permit the pleadings to be amended if for any reason they do not fully and fairly present all the facts essential to the real merits of the claim or defense. It is clear, therefore, that an amendment of the complaint is not objectionable merely because it introduces a new or different cause of action in the technical meaning of that term." Rae v. Railway Co. (N. D.) 105 N. W. 721. That case is decisive of this, and is adhered to as a correct construction of the statute, which should always be liberally construed in favor of the amendments. It cannot be successfully contended that the amendment was a surprise to the defendant which would justify the postponement of the trial. The defendant's attorney was served with a copy of the amended complaint three days before the day that had been fixed for the trial of the action. When

the amendment was granted by the court, the plaintiff's attorney consented, and the court offered to set the cause at the foot of the calendar, which would have postponed the trial seven to ten days from the allowance of the amendment. Defendant's attorney did not accept the offer, preferring to stand on the affidavit on which he based his request for a continuance. Under the circumstances the affidavit showed no meritorious ground for a continuance over the term, and it was not error to proceed with the trial. Postponements are always in the court's discretion, and there certainly was no abuse thereof in this case.

The defendant assigns as error to refusal of the court to strike the cause from the calendar on his motion. The ground of this motion was that no notice of trial had been served, nor a new note of issue filed after the amended complaint was allowed. The statute governing notices of trial provides, among other matters, not material here, that "there need be but one notice of trial and one note of issue, and the action must then remain on the calendar until disposed of." No cases are cited in support of the contention except the decisions of the courts of New York. The New York statute is materially different and does not contain the controlling provision in favor of the district court's ruling that "there need be but one notice of trial." It is difficult to construe this provision with effect if every amendment of the complaint must be followed by a new notice of trial. It would necessitate reading an exception into the statute to so hold. The Supreme Court of South Dakota has held adversely to defendant's contention under the same statute. J. I. Case Threshing Machine Co. v. Eichinger (S. D.) 91 N. W. 82.

Exception was taken to the overruling of an objection to the following question asked of a physician: "Is a broken leg like that liable to be weak for a while and cause trouble if used much?" The use of the word "liable" is objected to as permitting a possibility to be considered in estimating damages. In an instruction the word would be improper as results that will follow with reasonable certainty only are to be considered in fixing the damages to be allowed. The use of this or similar words in questions is generally improper, but the answer to the question makes it clear that no prejudice could result from asking the question. The answer was: "It ought not after it was perfectly united, it ought not to cause much trouble. There might be slight pain at the

point of fracture, but in reasonable time it ought to be entirely well." The testimony showed that the fractured bone had thoroughly united and that nine months had elapsed between the injury and the trial. The answer was not indefinite as to the continuing effects of the injury in cases generally. The effect of the answer was that the leg would not be weak nor cause trouble after a reasonable time after the bone had perfectly united.

Objection was made to the following question and overruled: "Doctor, assuming that she broke the leg by reason of the fall that she suffered on the sidewalk, would such a fall, or might such a fall cause internal injuries or strains that would produce pains of the character that she was complaining of?" The witness answered: "It might be possible." Prior to giving this answer the witness had testified on cross-examination concerning these other injuries or strains in the plaintiff's side and back, and had treated her for the same. The plaintiff had testified that she had suffered such pains and that they were caused by the fall. The question objected to related solely to the cause of such pains and whether they were or might be the result of the fall. It was nothing more than a hypothetical question propounded to an expert witness as to the cause of pains concerning which the plaintiff had testified, and was corroborative of her answers to some extent.

Two other questions were objected to and the objections overruled. They were similar to those just considered. To one of them the answer was not prejudicial if the question be conceded to be objectionable. The other pertained to the cause of certain existing conditions which had been testified to by the plaintiff, and did not refer to the further continuance of such conditions.

The judgment is affirmed. All concur.