# MARTIN KIEFER v. IRWIN W. TOLBERT.[1]

March 5, 1915.

Nos. 19,020—(250).

**Bills and notes — alteration — transfer without indorsement.**
The plaintiff, without the request or knowledge of the defendant, undersigned, prior to delivery, notes made by him to another in part payment of the purchase price of property, to give them additional credit. Prior to maturity the plaintiff paid money or its equivalent for the notes, and they were delivered to him by a collecting agent of the payee without indorsement. It is *held:*

(1) That the undersigning of the notes by the plaintiff, without the request or knowledge of the defendant, did not amount to a material alteration discharging him from liability.

(2) That upon payment the collecting agent of the payee was authorized to deliver the notes to the plaintiff; that such delivery, though without indorsement, transferred the legal title; and that the plaintiff was entitled to recover of the defendant the amount which he paid subject to such defenses as the defendant had against the payee.

Action in the district court for Olmsted county to recover $390 upon two promissory notes. The case was tried before Snow, J., who made findings and dismissed the action. From the judgment entered pursuant to the order for judgment, plaintiff appealed. Reversed.

*Charles C. Willson,* for appellant.
*Thomas Spillane,* for respondent.

DIBELL, C.
Action, tried to the court, upon two notes made on October 14, 1901, by the defendant Tolbert to the Plano Manufacturing Co. and

[1] Reported in 151 N. W. 529.

Note.—Upon the right of a transferee without indorsement of a bill or note payable to order of transferrer to protection as a bona fide purchaser, see note in 17 L.R.A.(N.S.) 1105.

alleged to have been "sold, assigned, transferred and delivered" to the plaintiff Kiefer. There were findings for the defendant and the plaintiff appeals from the judgment entered pursuant thereto.

The two notes were given in part payment of a husker and shredder purchased by Tolbert of the Plano Company. The company refused to deliver the machine without a surety on Tolbert's notes. Kiefer, who was interested in a commission on the sale, signed the notes underneath the signature of Tolbert, who knew nothing of his signing until the trial many years later. There is no finding that the Plano Co. knew, or did not know, that Kiefer signed without the request or knowledge of Tolbert. The finding is that Kiefer signed before delivery to give additional credit and that the indebtedness was that of Tolbert alone. The Plano Co. knew this. Some of the evidence preserved in the bill of exceptions suggests that the arrangement that Kiefer should sign was with him and the company; but there is no finding.

The case is before us on the findings and a bill of exceptions. There is no settled case. In some respects the scope of our review is limited.

1. The signing of the notes by Kiefer, under the circumstances recited, was not such a material alteration as discharged Tolbert from liability. First Nat. Bank v. Weidenbeck, 97 Fed. 896, 38 C. C. A. 131, reversing 87 Fed. 271; Miller v. Finley, 26 Mich. 249, 12 Am. Rep. 306; Barnes v. Van Keuren & Floyd, 31 Neb. 165, 47 N. W. 848; Muir v. Demaree, 12 Wend. 468; Mersman v. Werges, 112 U. S. 139, 5 Sup. Ct. 65, 28 L. ed. 641. See Babcock v. Murray, 58 Minn. 385, 59 N. W. 1038, and Ward v. Hackett, 30 Minn. 150, 14 N. W. 578, 44 Am. Rep. 187. In First Nat. Bank v. Weidenbeck, supra, Caldwell, J., said:

"The rights of the obligors are no more affected by the guaranty placed on the note than they would be by a guaranty placed on a separate instrument."

2. A few days before the notes became due they were in the bank for collection and under the control of one Rutherford, the collecting agent of the Plano Company. He took them from the bank and

delivered them · to Kiefer, who, in the language of the findings, "paid for the notes so transferred to him money or its equivalent, the amount whereof does not clearly appear from the evidence." The court found that Rutherford's authority was insufficient; and that there was not a sale or transfer or delivery by the Plano Co. In this we think it was in error. The bill of exceptions contains all the evidence on this point. Rutherford was in charge of the notes to get payment. When he got payment from Kiefer the notes properly went to him. The company took Kiefer as surety. It knew that he was not the principal obligor. Tolbert's obligation was not extinguished when Keifer made the payment. Neither the Plano company nor Kiefer intended it so. Kiefer was entitled to receive of Tolbert the amount which he paid in discharge of Tolbert's obligation, subject to any defense of Tolbert against the Plano company. The situation justifies no other view. The notes, it is true, were not indorsed; but there was a manual delivery. A note payable to order, and these were, is transferable by delivery without indorsement. The transferee in such a case is not a *bona fide* holder, and his possession is not proof of title; but if he has possession under an authorized transfer and delivery he has legal title.

Upon the evidence, Kiefer was entitled to recover against Tolbert, unless he had a defense to the notes as against the Plano company.

The plaintiff asks a direction of judgment against the defendant. This cannot be given. We cannot make findings of fact. A further finding is necessary to justify a conclusion in favor of the plaintiff. Besides, Tolbert interposed a defense based upon a breach of the warranty in the sale of the husker and shredder. He could not appeal, and he is entitled to the opinion of this court upon his defense.

Judgment reversed.