JASON L. MOWRY, Appellant, v. THE GOLD STABECK COMPANY, a corporation, formerly known as the Gold-Stabeck Loan & Credit Company, Herman C. Ritz and A. F. Winters, Respondents.

(186 N. W. 865.)

**Witnesses — testimony concerning transactions with deceased admissible, where none of parties are representatives, heirs, or next of kin.**

1. In an action to determine adverse claims where no one of the parties is a personal representative, the heir or next of kin of a deceased person, testimony concerning transactions had with such deceased person is not rendered inadmissible, pursuant to § 7871 C. L. 1913.

**Quieting title — court held to have properly fixed priority.**

2. In an action to determine adverse claims, it is *held* for reasons stated in the opinion, that the trial court did not err in determining the defendant to be the equitable owner of the land and in fixing the priority of liens thereupon.

Opinion filed Jan. 31, 1922.

Action in District court, Rolette county, *Buttz,* J.

Plaintiff has appealed from a judgment in defendant's favor.

Affirmed.

*Fred L. Ellsworth, Fred E. Harris,* for appellants.

"A fee simple title is presumed to be intended to pass by a grant of real property, unless it appears from the grant that a lesser estate was intended." Little v. Braun, 92 N. W. 200, 11 N. D. 10; Jasper v. Hazen, 58 N. W. 454, 4 N. D. 1; 32 L. R. A. (N. S.) 1046 and cases cited; 5

L. R. A. (N. S.) 387; § 6754 C. L. 1913.

"Every grant of real property or of an estate therein, which appears by any other writing to be intended as a mortgage within the meaning of chap. 86 of this Code, must be recorded as a mortgage; and if such grant or other writing, explanatory of its true character, are not recorded together at the same time and place, the grantee can derive no benefit from the record." Merchants State Bank v. Tufts, 14 N. D. 238, 103 N. W. 760.

"When a grant of real property purports to be an absolute conveyance, but is intended to be defeasable on the performance of certain conditions, such grant is not defeated or affected as against any other person than the grantee, his heirs or devisees, or persons having actual notice, unless an instrument of defeasance, duly executed and acknowledged, shall have been recorded in the office of the Register of Deeds of the county where the property is situated." § 6755 C. L. 1913; Patnode v. Deschenes, 15 N. D. 166, 106 N. W. 573; Gray v. Harvey, 17 N. D. 1, 113, N. W. 1034; Vallaley v. First Nat. Bank, 14 N. D. 580, 106 N. W. 127.

*W. O. Newhouse, R. C. Morton,* and *J. J. Weeks,* for respondents.

"We cannot say that it was the purpose of the legislature to exclude all evidence merely because the witness from whose lips it might fall would enjoy the advantage of testifying to a transaction with a deceased person, who on that account could not confront and contradict him. Statutes which exclude testimony on this ground are of doubtful expediency. There are more honest claims defeated by them by destroying the evidence to prove such claim than there would be fictitious claims established if all such enactments were swept away, and all persons rendered competent witnesses." St. John v. Lofland, 5 N. D. 140.

This case and this expression of Judge Corliss is qouted with approval in "Wigmore on Evidence" § 578. See also Jones on Evidence 776.

Next of kin must be a party as such. Clarke v. Ross, Sup. Ct. Ia., 60 N. W. 629; Lake Grocery Co. v. Chiostri; 34 N. D. 400; Nora L. Savage v. M. W. A. Russell Savage et al., 113 Pac. 802, Vol. 33 L. R. A. (N. S.) p. 773.

BRONSON, J. This is an action to determine adverse claims concerning one-half section of land in Rolette county. The plaintiff has ap-

pealed from the judgment, and has demanded a trial de novo.

The trial court found: That the Twin City Investment Company the owner of the land in May, 1915, gave to one Winter a contract for a deed. That Winter in May, 1916, assigned such contract to the defendant Ritz. In February, 1914, the investment company made a mortgage for $5,000 to Klein. In May, 1916, the defendant Ritz made a mortgage to the Gold-Stabeck Company for $2,000. In November, 1917, the defendant Ritz being indebted to Wheelock Mowry, the father of the plaintiff, made an agreement, for purposes of securing such indebtedness and advances to be made, with Mowry to have a warranty deed executed by the investment company to one Janzow, and thence by Janzow to Wheelock Mowry, to secure $5,000 then due from Ritz to Mowry, and that thereupon Mowry would execute a contract for a deed to Ritz for reconveyance upon payment of such $5,000 and the $5,000 first mortgage. Such deeds and contract were made. At that time the defendant Ritz had paid to the investment company the balance owing on the contract for a deed with Winter, and Ritz was then entitled to a warranty deed of the land. At that time Wheelock Mowry had full knowledge of the Gold-Stabeck mortgage, and that the same was unpaid. That the plaintiff at all times had full knowledge of such transactions. The plaintiff, or other members of the Mowry family, paid taxes and the principal and interest of the Klein first mortgage, aggregating, in toto with interest, $6,869.36. That the defendant Ritz is the owner of the lands, and entitled to the possession subject to the payment to plaintiff of $6,869.36, the $2,000 Gold-Stabeck mortgage with interest, and the sum of $5,000 to the plaintiff with interest. Pursuant to such findings judgment was entered. In the evidence it appears that Wheelock Mowry died in 1919, and prior thereto made a deed of the land, dated March 29, 1919, to the plaintiff for a consideration of $1 and other valuable considerations. At the trial, defendant Ritz testified concerning many transactions and arrangements had with Wheelock Mowry, then deceased. The record is long, and the exhibits numerous. It is unnecessary to state at length the evidence. The plaintiff contends that, upon the record, he is an innocent purchaser of the land without notice of the Gold-Stabeck mortgage, and that the trial court should have confirmed his title; that the trial court erroneously permitted the defendant Ritz to testify concerning transactions had with a deceased person; that the contract for a deed given to Ritz

by Mowry was duly canceled, and the defendant Ritz had no title in the land; that the Gold-Stabeck mortgage did not attach to the land so far as plaintiff's interests are concerned; that, in any event, the trial court erred in not allowing priority to the plaintiff for certain payments made for taxes and upon the Klein mortgage. The defendant contends that the deed from the father to the plaintiff was a forgery (the trial court, in its memorandum opinion, strongly so intimates); that the trial court erred in not granting priority to the Gold-Stabeck Company mortgage.

Upon a consideration of the entire record we are of the opinion that the findings and conclusions of the trial court should be sustained. Although the record is neither clear nor definite concerning application that should be made for payments made by Mowry in taxes or liens upon the land, we are unable to find that the computations of the trial court are erroneous. The contention of the plaintiff, namely, that the trial court erroneously received testimony of the defendant Ritz concerning transactions had with the deceased Mowry, cannot be sustained. The statute, precluding testimony concerning transactions had with deceased persons, is specific in its character, and relates only to actions wherein the person representative, heirs, or next of kin are parties. § 7871, C. L. 1913. The plaintiff did not appear in that capacity he claims title through a deed made by his father during lifetime. The statute cannot be extended by judiical construction beyond its plain application. Lake Grocery Co. v. Chiostri, 34 N. D. 386, 400, 158 N. W. 998; Clarke v. Ross (Iowa) 60 N. W. 627, 629. See St. John v. Lofland, 5 N. D. 140, 64 N. W. 930; Wigmore on Evidence, vol. 1, § 578; Druey v. Baldwin, 41 N. D. 473, 479, 172 N. W. 663, 182 N. W. 699; Williams v. Clark, 42 N. D. 107, 114, 172 N. W. 825, 827. Accordingly, the judgment should be in all things affirmed.

GRACE, C. J., and CHRISTIANSON and BIRDZELL, JJ., concur.

ROBINSON, J. (dissenting). The plaintiff brings this action to quiet title to a half section of land in Rolette county. He avers that he is the owner in fee simple, and that defendants claim an estate adverse to him. Defendant Ritz answers that in May, 1915, the Twin City Investment Company was the owner of the land, and contracted to sell the

same to Albert Winter, of Mankato, Minn.; that by a written contract Winter agreed to pay $4,000 in accordance with four promissory notes, and to pay a $5,000 mortgage of record, and that in May, 1916, for the express consideration of $1, Winter assigned the contract to Ritz, of Minneapolis, President of the Twin City Investment Company; that on May 23, 1916, Ritz made to the Gold-Stabeck Company a mortgage on the same land to secure $2,000; that it was recorded in July, 1918, and that it has not been paid. To the same effect is the answer of the Gold-Stabeck Company. The reply avers that at the time of making the $2,000 mortgage Ritz had no title to the land, and that the mortgage conveyed no title or interest.

The plaintiff claims title by deeds as follows: November 3, 1917. The Twin City Investment Company conveyed the land to Janzow by general warranty deed, recorded November 30, 1917. November 26, 1917, Janzow conveyed title to Wheelock Mowry, the plaintiff's grantor, by general warranty deed, recorded November 30, 1917. November 28, 1917, Wheelock Mowry contracted to convey the land to Ritz in consideration of $10,000 viz. $1,000 on the 1st day of December, 1918, $1,800 on the 1st day of December, 1919, $2,200 on the 1st day of September, 1920; $5,000 December 1, 1921. March 29, 1919, by general warranty deed, recorded July 12, 1920, Wheelock Mowry conveyed the land to Jason L. Mowry. The chain of title seems a little crooked. Winter made no payment of any consequence, and Janzow was a mere go-between. However, the deed made to Wheelock Mowry through Janzow was made to secure a loan as shown by the contract to convey the land to Ritz. The deed to Wheelock Mowry conveys to him and his grantors the legal title and the possession of the land, and the conveyance was not in any way subject to the Gold-Stabeck mortgage. When Ritz made that mortgage he had no title and very little equity. The mortgage was not recorded, nor was the contract recorded until Ritz obtained from Wheelock the money to purchase the land and to pay the recorded mortgages and taxes against it. When a party who has no title to land gives a mortgage with covenants of title and afterwards acquires title, then, as against him, the title inures to the benefit of his grantee or mortgagee, but it does not take priority over a deed or mortgage given to secure the purchase price of the land and to perfect title.

The only real question in this case is on the amount due the plaintiff. By his reply the plaintiff states the several amounts paid to perfect title

in addition to the large loan secured by the Mowry contract to convey title to Ritz. The trial court computed the several amounts paid, with interest at six per cent. till June 13, 1921. It found the same to be $6,869.36, and in addition the sum of $5,000, with 6 per cent. per annum from November 30, 1917, which amounted to $6,250. Thus it appears at the present time there is due the plaintiff over $13,000. On the original loan of $10,000 Ritz agreed to pay 7 per cent., and he never paid a dollar on the loan. He paid nothing on the principal, interest, or taxes. He never put any good money into the land only as he got it from Wheelock Mowry. He completely disregarded all his promises and obligations to pay money. On the contract for a deed he agreed to pay 7 per cent. on the loan, and of course he should pay 7 per cent. on the original loan. No error being shown, we adopt the figures of the trial court, and hold that there is now due the plaintiff $6,969.36, with interest at 6 per cent. from June 13, 1921. And there is due $5,000, with interest at 6 per cent. from November 30, 1917. And there is due for interest on the original loan 1 per cent. a year since November 30, 1917, the date of the contract by which Ritz agreed to pay 7 per cent. on $9,000. The 1 per cent. is to make in all 7 per cent.

And as Ritz by his answer presented a false issue by claiming title to the land, instead of offering to pay the amount due and demanding a deed, he should pay the costs of the trial court and of the appeal to this court. Hence the trial court should set aside the judgment herein, and in lieu thereof enter judgment to this effect: That the plaintiff is the owner of the fee title to the land in question, and that the same is not subject to any prior liens or claims. That there is due the plaintiff from Herman C. Ritz $6,869.36, with interest at 6 per cent. from June 13, 1921, $5,000, with interest at 6 per cent. from November 30, 1917, and 1 per cent. a year on $9,000 from November 30, 1917, amounting to a sum to be computed by the court at the time of entering judgment, and stated in the judgment. Also, that Herman Ritz may pay the same, with interest at 6 per cent., within 60 days after the entry of judgment, with the costs of the trial court and the costs of the appeal, and on such payment the plaintiff must release and quitclaim to Herman C. Ritz the title to said land; and if payment be not so made, then that the land be advertised for sale and sold by the sheriff of Rolette county the same as in a regular mortgage foreclosure, to satisfy the amount due, with interest and costs. And if the land be not redeemed within a year

from the date of sale as provided by law, then that Herman C. Ritz and all persons claiming under him be forever barred from any title, claim, lien, or interest in said land.