## JACOB ROHWER v. GEORGE W. YOUNG AND OTHERS.[1]

December 26, 1930.

No. 28,101.

*John G. Priebe,* for appellant.
*Tifft, Youngdahl & Youngdahl,* for respondent George W. Young.
*Boutelle, Bowen & Flanagan,* for respondent A. J. Veigel.

OLSEN, J.

Appeal by plaintiff from an order denying his motion for a new trial.

Plaintiff sold one farm and purchased another. These transactions took place in December, 1919, and the early part of 1920. Traub Brothers & Company, hereinafter called the company, acted as his agent in the deals. In selling his farm plaintiff received as part of the sale price a promissory note for $10,000 secured by a second mortgage upon the farm sold. Plaintiff did not have sufficient cash to complete the cash payment to be made on the farm he purchased, or to pay certain taxes, expenses, and commissions which he was obligated to pay in the deals, amounting in all to $4,735.86.

[1]Reported in 233 N. W. 851.

To raise the necessary money plaintiff assigned the $10,000 mortgage, in blank as to the name of the assignee, and delivered the $10,000 note and assignment of mortgage to the company, to be used as collateral for that purpose. He did not indorse the note. The assignment contains the usual clause assigning the note and debt. The company borrowed the money from its bank and delivered the note and assignment of the mortgage to the bank as collateral security for the loan. Plaintiff was informed of and consented to this use of the note and mortgage. The money realized was applied in completing the payment for the farm purchased and in payment of the taxes, expenses, and commissions mentioned.

On or about July 1, 1920, the company rendered to plaintiff a statement of the entire transactions, showing plaintiff's indebtedness in the said sum of $4,735.86 on account thereof. Plaintiff admits the correctness of this account. At the same time they gave to plaintiff their promissory note for $5,264.14, representing the difference between the $10,000 note and the $4,735.86, which they had expended for plaintiff. This note bore the following indorsement: "This note given in lieu of Jacob Rohwer's equity in a certain $10,000 mortgage made by Claus Greve and wife. Not transferable." This was the mortgage in question. Plaintiff testified that he lost this note; that he then went to the company and received from them a duplicate or copy thereof. Later he obtained another copy. An interest payment of $315.85 is noted on one of the copies. The company failed to pay its indebtedness to the bank, and in September, 1921, the bank sold the $10,000 note and mortgage to defendant Young for $8,350. Young purchased for value and in good faith. His name was inserted in the assignment of the mortgage as assignee thereof. At that time the company guaranteed payment of the mortgage. Just how the $8,350 realized on this sale was applied does not clearly appear. Young left the note and mortgage with the bank as collateral to his own indebtedness.

Plaintiff brings this action in replevin to recover from defendant Young the $10,000 note or its face value. The bank which holds or held the note as collateral has since failed and gone into the hands

of Mr. Veigel, the superintendent of banks. He appears to have been brought into the case as a defendant. The record before us does not disclose how he came into the case. Traub Brothers & Company have also failed and gone into the hands of a receiver. Plaintiff has never paid the indebtedness of $4,735.86 owing by him, unless it was paid out of the proceeds of the sale of the $10,000 note and mortgage. He has never returned to the company the note for $5,264.14 given to him by it.

Plaintiff relies on the fact that the note was not indorsed by him. It may be conceded that the note was not negotiable paper in the sense that without indorsement it would pass to an innocent purchaser free from defenses. But it was nevertheless transferable by assignment and delivery without indorsement. G. S. 1923 (2 Mason, 1927) § 7092; Kiefer v. Tolbert, 128 Minn. 519, 521, 151 N. W. 529; Goodsell v. McElroy Brothers Co. 86 Conn. 402, 85 A. 509; Cantrell v. Davidson, 180 Mo. App. 410, 168 S. W. 271.

The court at the close of the evidence directed a verdict for defendants, holding that plaintiff was estopped from recovering the note or its value.

Plaintiff has accepted and retained the $4,735.86 advanced and paid out for him in the transaction and the $5,264.14 note given to him by the company. He is not in a position to recover the note sued for or its value without making restitution. Defendant Young and the bank have at least as great rights in the note as the company would have in an action against the company.

What rights, if any, the plaintiff may have in the matter of a claim against the assets of the company or against its receiver, or as a claim against the assets of the bank, are not for determination here. This is a possessory action for recovery of the note or its value, and plaintiff has failed to show that he is entitled to such relief.

The correspondence between plaintiff and the company has been considered, but we find nothing therein to change the result.

Order affirmed.